UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILBUR TISHAN ALI,

    Plaintiff,

v.                                                           Case No. 8:25-cv-1714-WFJ-AEP

SAINT PETERSBURG POLICE
DEPARTMENT, *et al.*,

    Defendants.
_____/

## **ORDER**

    Wilbur Tishan Ali, a Florida prisoner, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Mr. Ali alleges that in November 2016, Officer Santiago of the St. Petersburg Police Department "excessively pepper sprayed" him in the back of a police car. (*Id.* at 5). According to Mr. Ali, Officer Santiago "rolled the windows up," turned off the air conditioning, and told him to "shut the f*ck up" when he requested "medical attention." (*Id.*) Mr. Ali allegedly suffered "permanent eye injuries" and "cardiovascular injuries" as a result of the pepper spraying. (*Id.*) Through this action, Mr. Ali brings an excessive-force claim against Officer Santiago, Officer Scott Brandon,[1] and the St. Petersburg Police Department. (*Id.* at 2-3). As relief, he seeks $100,000 in damages. (*Id.* at 5).

---

[1] Mr. Ali does not explain Officer Brandon's role in the incident.

Having reviewed the complaint under 28 U.S.C. § 1915A, the Court concludes that this action must be dismissed as untimely. In cases arising under § 1983, a court may *sua sponte* consider a statute-of-limitations defense if that defense is apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Where Florida is the forum state, § 1983 plaintiffs have four years to file suit. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).

Mr. Ali filed his complaint on July 8, 2025. (Doc. 1 at 1). The alleged excessive-force incident took place in November 2016, well over four years before the complaint was filed. Mr. Ali does not allege any facts that would support tolling the statute of limitations. *See Joseph v. State Mut. Life Ins. Co. of Am.*, 196 F. App'x 760, 761 (11th Cir. 2006) (affirming dismissal upon screening because, "[i]n the absence of an applicable toll," plaintiff's claim was time barred). Therefore, this action is untimely and must be dismissed as frivolous. *See Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Accordingly, it is **ORDERED** that Mr. Ali's civil-rights complaint (Doc. 1) is **DISMISSED** as frivolous under 28 U.S.C. § 1915A. The Clerk is directed to enter judgment against Mr. Ali, terminate any pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on July 16, 2025.

- 3 -

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE